IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JACOB PATTERSON,<br><br>           Plaintiff,<br><br>vs.<br><br>CHIAPPA FIREARMS, USA, LTD., a Domestic For-Profit Corporation and CHIAPPA FIREARMS, S.R.I., an Italian Corporation,<br><br>           Defendants. | MC-21-21-M-DLC-KLD<br><br>ORDER |

      This matter comes before the Court on Defendant Chiappa Firearms, USA, Ltd.'s ("Chiappa USA") motion to compel non-party Choice Ammunition Corporation to respond to a Rule 45 subpoena for the production of documents issued in an action currently pending in the United States District Court for the Southern District of Indiana entitled *Jacob Patterson v. Chiappa Firearms, USA, LTD*, 1:20-cv-01430-JPH-MG.

      On August 20, 2021, Chiappa USA served Choice Ammunition with a second Subpoeana to Produce Documents. (Doc. 2, at ¶ 10; Doc. 202) and Amended Request for Production of Documents to Non-Party (Doc. 2-2). The

subpoena served with Chiappa USA's amended request for production requested a response by September 20, 2021. (Doc. 2-2, at 2).

As set forth in Chiappa USA's supporting brief and attached exhibits, Choice Ammunition has not responded or objected to the Rule 45 subpoena and amended request for production of documents it was served with on August 20, 2021. Following several attempts to secure compliance, Chiappa USA filed the pending motion to compel on October 27, 2021. Pursuant to Local Rule 7.1(d)(1)(B)(ii), Choice Ammunition had 14 days after the motion was filed within which to file a response. As of the date of this order, Choice Ammunition has not responded to Chiappa USA's motion.

Chiappa USA's motion to compel and supporting brief contain certificates of service stating that motion and supporting brief were "to be served via process server" on Choice Ammunition's registered agent, Mr. Wemple. (Doc. 2, at 8). As of the date of this order, however, Chiappa USA has not filed a certificate of service from the process server demonstrating the date on which service of the motion and brief on Choice Ammunition was accomplished.

While Local Rule 7.1(d)(B)(ii) refers to the date on a which a motion is "filed" rather than "served" as the trigger for the 14-day period, the rule assumes that service is accomplished upon filing with the Court's electronic-filing system

as set forth in Fed. R. Civ. P. 5(b), or that the time to respond will be extended to allow for service by other means. See e.g. Fed. R. Civ. P. 6(d) (providing for additional time after certain kinds of service). Here, without a certificate of service identifying the date on which service was accomplished, the Court cannot determine whether the 14-day period for Choice Ammunition to file a response brief has run. See Local Rule 7.1(d)(1)(B)(ii). While it appears that Choice Ammunition has likely waived any objections to the Rule 45 subpoena by failing to serve written objections,[1] Chiappa USA must provide proof of the date on which the pending motion to compel and supporting brief were served on Choice Ammunition before the Court can determine whether Chiappa USA's motion to compel is ripe for ruling. Accordingly,

IT IS ORDERED that Chiappa USA file proof of service establishing the date that non-party Choice Ammunition was served via process server with a copy

//

//

//

---

[1] See e.g. *La Fosse v. Winco Foods, LLC*, 2021 WL 4557207, at *2 (D. Idaho Oct. 4, 2021) (failure to serve written objections to a subpoena within the time specified by Rule 45 "constitutes a waiver of all grounds for objection").

3

of the motion to compel and supporting brief. Upon filing of proof of service, the Court will take Chiappa USA's motion to compel under advisement.

DATED this 22nd day of November, 2021

_____
Kathleen L. DeSoto
United States Magistrate Judge