IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JACOB PATTERSON,<br><br>               Plaintiff,<br><br>vs.<br><br>CHIAPPA FIREARMS, USA, LTD., a Domestic For-Profit Corporation and CHIAPPA FIREARMS, S.R.I., an Italian Corporation,<br><br>               Defendants. | MC-21-21-M-DLC-KLD<br><br>ORDER |

This matter comes before the Court on Defendant Chiappa Firearms, USA, Ltd.'s ("Chiappa USA") motion to compel non-party Choice Ammunition Corporation to respond to a Rule 45 subpoena for the production of documents issued in an action currently pending in the United States District Court for the Southern District of Indiana entitled *Jacob Patterson v. Chiappa Firearms, USA, LTD*, 1:20-cv-01430-JPH-MG. For the reasons discussed below, Chiappa USA's motion is granted.

1

I.      Background

The underlying lawsuit against Chiappa USA is a products liability action in which Jacob Patterson alleges he was injured while firing a Chiappa Rhino firearm. (Doc. 2, at ¶ 2). The ammunition Patterson was using at the time he was injured was manufactured by non-party Choice Ammunition. (Doc. 2, at ¶ 3).

On December 15, 2020, Chiappa USA served a Subpoena to Produce Documents and Request for Production of Documents to Non-Party on Choice Ammunition. (Doc. 2, at ¶4; Doc 2-1). Choice Ammunition did not respond by the January 15, 2021 deadline, and counsel for Chiappa USA subsequently made several unsuccessful attempts to secure a response. (Doc. 2, at ¶¶ 7-8). On August 2, 2021, counsel for Chiappa USA spoke with Choice Ammunition's representative, Jon Wemple, who explained that the request for production sought information pertaining to ammunition that Patterson had not purchased. Mr. Wemple indicated that if Chiappa USA made a specific request for ammunition that Patterson was using at the time of the incident, Choice Ammunition would promptly respond. (Doc. 2, at ¶ 9).

On August 20, 2021, Chiappa USA served Choice Ammunition with a second Subpoena to Produce Documents (Doc. 2, at ¶ 10; Doc. 2-2 ) and Amended Request for Production of Documents to Non-Party (Doc. 2-2). The subpoena

served with Chiappa USA's amended request for production requested a response by September 20, 2021. (Doc. 2-2, at 2). Choice Ammunition failed to respond, and on September 22, 2021, counsel for Chiappa USA's paralegal spoke with Mr. Wemple, who acknowledged receipt of the amended request for production and indicated that he would provide a response in the near future. (Doc. 2, at ¶ 10; Doc. 2-3). Having received no response by September 30, 2021, the same paralegal sent a follow up email asking Mr. Wemple when Choice Ammunition would comply with the amended request for production. (Doc. 2, at ¶ 14; Doc. 2-4). On October 18, 2021, counsel for Chiappa USA sent Mr. Wemple another email requesting compliance by the close of business on October 20, 2021, and indicating that if no response was received, Chiappa USA would seek an order from this Court compelling Choice Ammunition to produce the requested documents. (Doc. 2, at ¶ 15; Doc. 2-5).

Chiappa USA filed the pending motion to compel on October 27, 2021, at which time Choice Ammunition still had not responded to the Rule 45 subpoena or provided any of the documents requested in Chiappa USA's amended request for production. Chiappa USA has filed a Declaration of Service establishing that Choice Ammunition was served with a copy of the motion to compel and supporting brief on November 1, 2021. (Doc. 4). Pursuant to Local Rule

7.1(d)(1)(B)(ii), Choice Ammunition had 14 days after the motion was filed within which to file a response.[1] Choice Ammunition's response was thus due on November 15, 2021. As of the date of this order, Choice Ammunition has not responded to Chiappa USA's motion, which is ripe for ruling.

**II.    Legal Standard**

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 provides that "a person commanded to produce documents" pursuant to a subpoena "may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve written objections on the requesting party. Fed. R. Civ. P. 45(d)(2)(B). Failure to serve written objections to a subpoena within the time specified by Rule 45 "constitutes a waiver of all grounds for objection." *La Fosse v. Winco Foods, LLC*, 2021 WL 4557207, at *2 (D. Idaho Oct. 4, 2021).

---

[1] Chiappa USA's motion to compel and supporting brief contain certificates of service stating that motion and supporting brief were "to be served via process server" on Choice Ammunition's registered agent, Mr. Wemple. (Doc. 2, at 8).

Rule 45 incorporates the discovery standards sets forth in Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). See Advisory Committee Note to Rule 45 (1970). A motion to compel pursuant to Rule 37 is the proper vehicle to compel a non-party to provide discovery and produce documents in response to a Rule 45 subpoena. *Jamison v. State Farm Gen. Ins. Co.*, 2020 WL 6151082, at *2 (C.D. Cal. Sept. 3, 2020). A motion for an order compelling discovery from a non-party must be made in the court where the discovery is to be taken. Fed. R. Civ. P. 37(a)(2). See *La Fosse,* 2021 WL 4557207, at *1 (recognizing that 'the authority to decide a motion to compel arising out of [a Rule 45 subpoena] is vested with the court where compliance is required"). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). See also D. Mont. L.R. 26.3(c) (similarly requiring that the parties meet and confer before a motion to compel is filed).

## III. Discussion

The record reflects that Chiappa USA served Choice Ammunition with its Rule 45 subpoena and amended request for production on August 20, 2021. The

record further reflects that Choice Ammunition did not respond to the subpoena by the September 20, 2021 deadline, and still has not provided any documents in response to Chiappa USA's amended request for production. According to Chiappa USA, the information it requests from Choice Ammunition is necessary for Chiappa USA to defend itself in underlying products liability action. Because Choice Ammunition did not provide any written objections to the Rule 45 subpoena, it has waived any objections to producing the documents requested.

Chiappa USA has submitted evidence demonstrating that it satisfied the meet and confer requirements of Fed. R. Civ. P. 37 and Local Rule 26.3 before filing the pending motion to compel. Choice Ammunition has not responded to Chiappa USA's motion, which is well-taken for the reasons set forth above.

**IV.  Conclusion**

For the reasons set forth above,

IT IS ORDERED that Chiappa USA's motion to compel Choice Ammunition to comply with its Rule 45 subpoena and respond to its amended request for the production of documents (Doc. 1) is GRANTED. Non-party Choice Ammunition shall comply with the Rule 45 subpoena and provide the documents requested in the Amended Nonparty Request for Production of Documents within 14 of receipt of this order. Choice Ammunition is cautioned that failure to comply

with the Rule 45 subpoena and produce the documents requested in the Amended Nonparty Request for Production of Documents may result in sanctions, including the recommendation of contempt sanctions under Rule 45(g).

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this order by U.S. Mail to Choice Ammunition Corp., c/o Jon Wemple, Registered Agent, 1369 Highway 93, P.O. Box 212, Victor, MT 59875.

DATED this 22nd day of November, 2021

_____
Kathleen L. DeSoto
United States Magistrate Judge